UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.  12-62212-CIV-ROSENBAUM/SELTZER

LIBERTY MUTUAL INSURANCE
COMPANY,

              Plaintiff,

v.

FESTIVAL FUN PARKS, LLC,
and YAHTAVIAN BELLAMY,

              Defendants.

_____/

ORDER DENYING PLAINTIFF'S
MOTION TO DISMISS AMENDED COUNTERCLAIM

This matter is before the Court on Plaintiff Liberty Mutual Insurance Company's Motion to

Dismiss Amended Counterclaim [D.E. 36]. The Court has reviewed Plaintiff's Motion and the record

in this case and is otherwise fully advised in the premises. For the reasons set forth below, the Court

denies Plaintiff's Motion.

*BACKGROUND*

On October 8, 2006, Yahtavian Bellamy filed suit against Festival Fun Parks, LLC, ("FFP"),

in Florida state court for injuries sustained during an incident that took place in Fort Lauderdale,

Florida. D.E. 1 at 2. On November 16, 2011, the trial court entered Final Judgment in favor of

Bellamy and against FFP in the amount of $3,703,738.90. *Id.* An appeal of the trial court's judgment

is currently pending before the Fourth District Court of Appeal in Florida. *Id.* at 3.

On November 9, 2012, Plaintiff Liberty Mutual Insurance Company filed the present suit in

federal court against both Bellamy and FFP, asserting diversity jurisdiction under 28 U.S.C. §

1332(a). *Id.* At the time of the Bellamy incident, Plaintiff insured multiple FFP properties in various states, including FFP's properties in Florida, under an Excess Commercial Liability Policy. D.E. 1-6 at 28-29. Plaintiff now seeks a declaratory judgment as to wether Liberty Mutual or FFP is responsible under the policy to pay for the Allocated Loss Adjustment Expense, interest on the Final Judgment, and attorney's fees that may be awarded to Bellamy. D.E. 1 at 4-5.

On February 25, 2013, Defendant FFP filed its First Amended Answer and Affirmative Defenses and Counterclaim for Damages with Demand for Jury Trial [D.E. 29]. FFP's counterclaims allege (1) breach of the implied covenant of good faith and fair dealing and (2) breach of contract and seek (3) declaratory relief. *Id.* at 10-19. Plaintiff moves to dismiss only Count I of FFP's Amended Counterclaim for breach of the implied covenant of good faith and fair dealing. D.E. 36 at 2.

### DISCUSSION

FFP's Amended Counterclaim asserts the claim for the breach of the implied covenant of good faith and fair dealing under California law. D.E. 29 at 13-14. FFP contends that California law applies to Count I because the policy was issued in California. D.E. 37 at 3-4. In response, Plaintiff retorts that Florida law applies to this Count and that FFP's claim is premature under Florida law. D.E. 36 at 2-5.

As a threshold matter, the Court must determine which state's law applies to Count I of FFP's Amended Counterclaim. Because jurisdiction is based on diversity, this Court applies Florida law regarding choice of laws. *Branch Banking & Trust Co. v. Lichty Bros. Constr., Inc.*, 488 F. App'x 430, 433 (11th Cir. 2012) (citing *U.S. Fid. & Guar. Co. v. Liberty Surplus Ins. Corp.*, 550 F.3d 1031, 1033 (11th Cir. 2008)). The Florida Supreme Court has "long adhered" to the rule of *lex loci contractus* in deciding choice-of-law issues for contract actions. *State Farm Mut. Auto. Ins. Co. v.*

2

*Roach*, 945 So. 2d 1160, 1163 (Fla. 2006). In the context of insurance contracts, that rule provides that the law of the jurisdiction where the contract was executed governs the rights and liabilities of the parties in determining an issue of insurance coverage. *Id.* (citing *Sturiano v. Brooks*, 523 So. 2d 1126, 1129 (Fla. 1988)).

The Florida Supreme Court has expressly rejected the alternate "significant relationship" test set forth in the Restatement (Second) of Conflict of Laws § 188, in which the place that the contract is executed is only one of five factors considered in evaluating which jurisdiction's law should control. *Roach*, 945 So. 2d at 1163-64; *Sturiano*, 523 So. 2d at 1129; *see also Liberty Surplus Ins.*, 550 F.3d at 1034 (noting that *Roach* restated the Florida Supreme Court's rejection of the significant relationship test). The four factors in the significant-relationship test that are not a part of the *lex loci contractus* doctrine, and thus not considered by Florida courts, are (1) the place of negotiation of the contract, (2) the place of performance, (3) the location of the subject matter of the contract, and (4) the domicile, residence, nationality, place of incorporation and place of business of the parties. Restatement (Second) of Conflict of Laws § 188 (1971); *see also Sturiano*, 523 So. 2d at 1129.

Put simply, Florida courts determine which law should apply by the place where the contract was executed, which is "generally considered to be the place where the policy is delivered." *Adolfo House Distrib. Corp. v. Travelers Prop. & Cas. Ins. Co.*, 165 F. Supp. 2d 1332, 1335 (S.D. Fla. 2001) (citing *Sturiano*, 523 So. 2d 1126; *Bloch v. Berkshire Ins. Co.*, 585 So. 2d 1137 (Fla. 3d DCA 1991)). FFP is a California corporation with its principal place of business in California, and the policy at issue in this case was delivered to a mailing address for FFP located in California. D.E. 1 at 2; D.E. 1-6 at 1. Therefore, under Florida's usual rule of *lex loci contractus*, California law applies to the policy.

But Plaintiff asserts that an exception to *lex loci contractus* applies where an insurance policy

insures multiple risks at fixed locations in multiple states. D.E. 36 at 2. In such a situation, Plaintiff avers, the substantive law of the forum where the insured risk is located applies. *Id.* As support, Plaintiff cites *Shapiro v. Associated International Insurance Co.*, 899 F.2d 1116 (11th Cir. 1990), and other Eleventh Circuit cases that interpret Florida law. D.E. 36 at 2-3.  *Shapiro*, like the present case, involved an insurance policy executed in California that covered real property in Florida and other states. *Shapiro*, 899 F.2d at 1119-20. The *Shapiro* Court discussed the Florida Supreme Court's decision in *Sturiano v. Brooks*, 523 So. 2d 1126 (Fla. 1988), which held that the doctrine of *lex loci contractus* applies to contracts for automobile insurance.

Because the Florida Supreme Court specifically limited its holding in *Sturiano* to insurance contracts covering automobiles, however, the *Shapiro* Court reasoned that the Florida Supreme Court would likely abandon the "antiquated" doctrine of *lex loci contractus* for insurance contracts concerning real property. *Shapiro*, 899 F.2d at 1119. As the *Shapiro* Court explained, in part, the Florida Supreme Court applied the doctrine of *lex loci contractus* in *Sturiano* because doing otherwise would "'allow one party to modify the contract simply by moving to another state.'"  *Id.* (quoting *Sturiano*, 523 So. 2d at 1129-30).

But the *Shapiro* Court concluded that because real property is by nature immobile, insurance contracts regarding real property carry no such risk of sudden modification if the law of the forum where the property is located is applied. *Id.* Citing the Florida Supreme Court's abandonment of *lex loci delictus* in favor of a "significant relationship" test for choice-of-law questions in tort actions, the court also noted that, in other areas of law, the Florida Supreme Court had abandoned choice-of-law doctrines similar to *lex loci contractus* in favor of the Restatement's guidance on conflict of laws. *Shapiro*, 899 F.2d at 1120 (citing *Bishop v. Florida Specialty Paint Co.*, 389 So. 2d 999 (Fla.1980); Restatement (Second) of Conflict of Laws § 145). In addition, the court further pointed

4

to Florida's statutory requirement that no insurer transact insurance in Florida without complying with the Florida Insurance Code, *Shapiro*, 899 F.2d at 1121 (citing Fla. Stat. § 624.401(1)), and Florida's application of the law of the situs of the property in disputes involving real property, *id.* (citing *Xanadu of Cocoa Beach, Inc. v. Zetley*, 822 F.2d 982, 984 (11th Cir. 1987); *In Re Estate of Swanson*, 397 So. 2d 465, 466 (Fla. 2d DCA 1981); *Kyle v. Kyle*, 128 So. 2d 427, 429 (Fla. 2d DCA 1961), *cert. discharged*, 139 So. 2d 885 (Fla.1962)), as evidence that the Florida Supreme Court would not apply the doctrine of *lex loci contractus* to insurance contracts involving property located in Florida. Based on these factors, the *Shapiro* Court therefore concluded that the Florida Supreme Court would likely apply Florida law in construing an insurance contract concerning real property in Florida but executed in California. Subsequent Eleventh Circuit cases have followed *Shapiro* and applied the significant-relationship test, instead of *lex loci contractus*, over insurance contracts executed in other states but concerning real property in Florida. *LaFarge Corp. v. Travelers Indem. Co.*, 118 F.3d 1511, 1516 (11th Cir. 1997); *Great Am. E & S Ins. Co. v. Sadiki*, 170 F. App'x 632, 634 (11th Cir. Mar. 3, 2006); *but see Fioretti v. Massachusetts Gen. Life Ins. Co.*, 53 F.3d 1228, 1236 (11th Cir. 1995) (concluding that under Florida law, *lex loci contractus* would apply to life-insurance policies because people, like their automobiles, are mobile).

After these Eleventh Circuit decisions, however, the Florida Supreme Court again revisited the question of choice of law regarding automobile-insurance contracts in *State Farm Mutual Automobile Insurance Co. v. Roach*, 945 So. 2d 1160 (Fla. Dec. 14, 2006). There, the Florida Supreme Court restated that it has "never retreated from its adherence" to the doctrine of *lex loci contractus* and that it had already considered and rejected the significant-relationship test. *Roach*, 945 So. 2d at 1163-64. Though *Roach* again concerned an automobile-insurance contract, the *Roach* Court did not expressly limit the application of *lex loci contractus* to only insurance contracts

regarding automobiles—as the previous *Sturiano* Court had—nor did the *Roach* Court otherwise discuss insurance contracts concerning real property. *Id.*

After the Florida Supreme Court's decision in *Roach*, the Eleventh Circuit was presented with the issue of whether Florida law controls an insurance contract executed outside of Florida that insures construction projects within Florida. *Liberty Surplus Ins.*, 550 F.3d at 1032. The Eleventh Circuit concluded that the issue "presents an unsettled question of Florida law" and certified the question to the Florida Supreme Court, *id.* at 1035, but the certification of the question was withdrawn after the parties stipulated to the dismissal of that case. *See* Eleventh Circuit Court of Appeals Case No. 08–10544–JJ; *Scratch Golf, LLC v. Lexington Ins. Co.*, No. 08-60815, 2009 WL 1287963, at *3 (S.D. Fla. May 6, 2009) (noting certification was withdrawn).

Because *Roach* did not expressly discuss the issue of insurance contracts regarding real property, this Court cannot conclude definitively that the *Roach* decision abrogated Eleventh Circuit precedent that applied the significant-relationship test to real property contracts and rendered such cases "clearly wrong." *See Sadiki*, 170 F. App'x 632, 634 (quoting *Lee v. Frozen Food Express, Inc.*, 592 F.2d 271, 272 (5th Cir.1979)) ("'Once [an Eleventh Circuit panel] has settled on the state law to be applied in a diversity case, the precedent should be followed by other panels . . . absent a subsequent state court decision or statutory amendment which makes this Court's decision clearly wrong'"). Nevertheless, most decisions from this District after *Roach* have applied *lex loci contractus* to real-property contracts. *See, e.g.*, *Kenneth Cole Productions, Inc. v. Mid-Continent Cas. Co.*, 763 F. Supp. 2d 1331, 1334 (S.D. Fla. 2010) (*lex loci contractus* applies to Florida construction company's bodily injury and property damage insurance policy); *Club Caribe Condo., Ass'n, Inc. v. Travelers Excess & Surplus Lines Co.*, No. 11-62673, 2012 WL 529972, at *4 (S.D. Fla. Feb. 17, 2012) (concluding that "pursuant to *Roach*, Florida law as it exists today applies *lex loci*

*contractus* to [real] property insurance contracts"); *Oriole Gardens Condominiums, III v. Independence Cas. & Sur. Co.*, No. 11-60294, 2012 WL 718803, at *4 (S.D. Fla. Mar. 6, 2012) (*lex loci contractus* applies to "wind/hail" insurance policy over condominium building); *First Specialty Ins. Corp. v. Milton Const. Co.*, 23 Fla. L. Weekly Fed. D 366, at *2 (S.D. Fla. 2012) (*lex loci contractus* applies to property insurance matters concerning Chinese dry-wall claims); *but see RTG Furniture Corp. v. Indus. Risk Insurers*, 616 F. Supp. 2d 1258, 1263 (S.D. Fla. 2008) (citing pre-*Roach* Eleventh Circuit cases, but not citing or discussing *Roach*, when applying significant relationship test to property insurance contract); *Scratch Golf*, 2009 WL 1287963, at *2-*3 (noting that though "the Eleventh Circuit may be positioned to someday soon reverse itself," the district court is nevertheless "bound" by Eleventh Circuit decisions to apply the significant relationship test to a golf club's insurance policy).

This Court agrees that the strong language of *Roach* indicates that the Eleventh Circuit's "educated guess" in *Shapiro* may no longer be viable. *CNL Hotels & Resorts, Inc. v. Houston Cas. Co.*, 505 F. Supp. 2d 1317, 1320 n.4 (M.D. Fla. 2007), *aff'd in part sub nom. CNL Hotels & Resorts, Inc. v. Twin City Fire Ins. Co.*, 291 F. App'x 220 (11th Cir. 2008). And since *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 78 (1938) requires courts sitting in diversity to apply the law of the state's highest court where it exists, this Court applies *lex loci contractus* to the present matter. As a result, California law governs construction of the insurance policy between Plaintiff and FFP.

FFP asserts that breach of good faith and fair dealing is a viable counterclaim under California law. D.E. 37 at 4-5. Plaintiff does not dispute that such a counterclaim is viable under California law—Plaintiff asserts only that Florida law would bar the counterclaim. *See* D.E. 36 at 3-5.

But, as FFP points out, whether Florida law recognizes the counterclaim is irrelevant because

California law controls in this case, and California law does recognize a claim for the breach of good faith and fair dealing in insurance contracts. D.E. 37 at 5. *See Blue Ridge Ins. Co. v. Jacobsen*, 25 Cal. 4th 489, 504 (2001), *opinion after certified question answered*, 10 F. App'x 563 (9th Cir. 2001) (citing *Johansen v. California State Auto. Assn. Inter-Ins. Bureau*, 15 Cal. 3d 9, 16 n.5 (1975); *Crisci v. Security Ins. Co.*, 66 Cal. 2d 425, 430 (1967)) (noting that insurance company "was *obligated* to accept a reasonable settlement offer as part of its duty of good faith and fair dealing" (emphasis original)); *Gourley v. State Farm Mut. Auto. Ins. Co.*, 53 Cal. 3d 121, 127 (1991) ("[The California Supreme Court has] long recognized that an implied covenant of good faith and fair dealing exists to assure prompt payment of claims made by the insured"); *Crisci*, 66 Cal. 2d at 429 ("in every contract, including policies of insurance, there is an implied covenant of good faith and fair dealing that neither party will do anything which will injure the right of the other to receive the benefits of the agreement"). FFP's counterclaim for the breach of good faith and fair dealing is therefore not barred as a matter of law, and Plaintiff's Motion to Dismiss the Counterclaim is denied.

## *CONCLUSION*

For the foregoing reasons, it is hereby **ORDERED and ADJUDGED** that Plaintiff Liberty Mutual Insurance Company's Motion to Dismiss Amended Counterclaim [D.E. 36] is **DENIED**.

**DONE** and **ORDERED** at Fort Lauderdale, Florida, this 22nd day of August 2013.

ROBIN S. ROSENBAUM
UNITED STATED DISTRICT JUDGE

Copies to:
Counsel of record